OPINION
In this consolidated appeal, defendant-appellant, Raymond Asbury, appeals his judgment of conviction in the Clermont County Court of Common Pleas. Asbury also appeals a decision by the trial court denying his motion to withdraw his guilty plea. We amend the judgment entry and affirm.
In November 1994, Asbury was indicted for aggravated vehicular homicide and driving under the influence of alcohol ("DUI"). The aggravated vehicular homicide charge also contained a DUI specification and a harm specification.[1] On March 6, 1995, Asbury entered a written plea of guilty to "aggravated vehicular homicide without specs" with the DUI charge "to be dismissed." At the plea hearing, the trial court accepted Asbury's plea and found Asbury guilty of aggravated vehicular homicide without the specifications. The judgment entry sentencing Asbury did not expressly note that the specifications were dismissed, however. The entry states: "the Court * * * finds the defendant guilty of Aggravated Vehicular Homicide * * *. "[The DUI charge] is dismissed." (Emphasis sic.)
On November 1, 1996, Asbury moved for shock probation. The trial court denied the motion. Asbury then filed a delayed appeal of his conviction. Subsequent to the filing of his appeal, Asbury moved to "withdraw his Guilty Plea and reinstate his Not Guilty Plea."[2] The trial court denied the motion, and Asbury also appealed that decision. On Asbury's motion, the appeals were consolidated by this court.
In his brief, Asbury raises two assignments of error for review:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BY JOURNALIZING AN ENTRY SENTENCING THE DEFENDANT THAT IS INCONSISTANT [sic] WITH THE PLEA AGREEMENT THAT THE DEFENDANT-APPELLANT AND THE PROSECUTION HAD ENTERED INTO AND ACCEPTED BY THE COURT.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BY NOT GRANTING HIS MOTION TO WITHDRAW THE GUILTY PLEA WHERE THE JOUNAL [sic] ENTRY SENTENCING DEFENDANT-APPELLANT IS INCONSISTANT [sic] WITH THE PLEA AGREEMENT THAT THE DEFENDANT-APPLELLANT [sic] AND THE PROSECUTION HAD ENTERED INTO AND WHICH AGREEMENT WAS ACCEPTED BY THE COURT.
In his first assignment of error, Asbury complains that the trial court's sentencing entry does not accurately reflect the terms of the plea agreement. Asbury claims prejudice as a result of this discrepancy, arguing that under the terms of the plea agreement, he would be eligible for probation or parole, but that under the terms of the sentencing entry, he is not.
An examination of the record, including the transcript of the March 6, 1995 plea hearing, confirms that Asbury pled guilty to aggravated vehicular homicide "as stated in Count No. 1 of the indictment without the specifications * * *," and that the trial court accepted that plea. The state argues that the inclusion of only the substantive offense in the sentencing entry necessarily excludes the specification under the doctrine of inclusio unius est exclusio alterius. However, we find that the sentencing entry is not as precise as it should be. Therefore, pursuant to App.R. 12(B),[3] and in response to Asbury's first assignment of error, we hereby modify the March 6, 1995 judgment entry to reflect that Asbury pled guilty to aggravated vehicular homicide without the specifications charged in the indictment, the trial court accepted that plea, and the trial court found Asbury guilty of aggravated vehicular homicide without the specifications.
In his second assignment of error, Asbury argues that once the "mistake" in the sentencing entry was discovered, the trial court should have allowed him to withdraw his guilty plea. Asbury asserts that as it was originally drafted, the sentencing entry rendered him ineligible for probation or parole. We disagree.
To withdraw a guilty plea after sentencing has taken place, a defendant must show that the withdrawal is necessary to correct manifest injustice. See Crim.R. 32.1; State v. Smith (1977),49 Ohio St.2d 261, paragraph one of the syllabus. "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." Smith, at paragraph two of the syllabus.
Having thoroughly reviewed the record, we find that Asbury has not met his burden of showing that the withdrawal of his guilty plea is necessary to prevent a manifest injustice. There is, simply, no indication that Asbury was denied probation because of an error in the entry of his plea. To the contrary, the trial court states expressly that the offense to which Asbury pled guilty is a probationable offense "as a matter of law." The record also shows that the trial court had good reason to deny Asbury's motion for shock probation. Asbury had been arrested several times for driving under the influence of alcohol, and even lost an arm in one alcohol-related accident, yet he did not seek treatment for his alcohol problem. At the plea hearing, the trial court judge informed Asbury that although Asbury would be considered for probation eventually, his request would not automatically be granted. The trial court stated:
 The risk is very high, Mr. Asbury, as I see it now, that you're going to commit another offense. * * * I'm going to look hard at any motion for shock probation in this case. But I leave it up to you whether you can convince me that you're not going to go out and commit this type of offense again. If I think there's a likelihood that you're going to commit it again, then I'm certainly not going to consider releasing you.
Under these circumstances, we find that Asbury's original guilty plea did not prejudice him in any way, much less expose him to manifest injustice. Thus, we find that the trial court did not abuse its discretion in denying Asbury's motion to withdraw his guilty plea. Accordingly, we uphold the trial court on this issue and overrule Asbury's second assignment of error.
Judgment affirmed as modified.
YOUNG, P.J., and KOEHLER, J., concur.
[1] At a plea hearing on January 18, 1995, the prosecution identified the harm specification as surplusage to the aggravated vehicular homicide charge, indicated that it was added to the indictment in error, and requested that the trial court dismiss it.
[2] The record before this court does not contain a not guilty plea by Asbury.
[3] App.R. 12(B) states:
 [W]here the court of appeals determines that the judgment or final order of the trial court should be modified as a matter of law it shall enter its judgment accordingly.